## Knoppel's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Walter T. Fahy,* for petitioner.

*Henry Panfil,* of *Moore, Gossling & Panfil,* contra.

LADNER, J., December 11, 1942.—This matter came before the court on petition for review of an adjudication, and answer thereto. The ground of the review is alleged error of law of the auditing judge in not making an award of the balance shown by the account to the estate of the testator's widow. From the record the following facts appear:

Frederick Knoppel, the testator, died November 9, 1890. By his will, after bequeathing certain pecuniary legacies, he gave all the residue of his *personal estate* to his wife, absolutely. By a separate provision he gave her also the rents, issues, and profits of his *real estate,* for *life.* By the fourth item his surviving executor, upon the widow's decease, was authorized and empowered to sell his real estate and to distribute the proceeds among the children as directed. One-eighteenth part of the proceeds was given in a sole and separate use

trust to his daughter, Amelia, for life, with remainder to her children and issue. There was, however, no gift over in default of issue, so that an intestacy would result in that eventuality.

It was this trust fund which was the subject of the adjudication sought to be reviewed. At the audit it was established that Amelia is past 63 years of age, unmarried, and now physically incapable of bearing children. With the consent of all of the parties in interest who would be entitled to take the remainder under the intestate laws at her death the trust was terminated and the award of the corpus was made to the said Amelia A. M. Knoppel.

The petition for review is filed by the accounting fiduciary on the theory that item 4 which authorized sale and distribution of the proceeds of the real estate at the widow's (life tenant's) death worked a conversion and that it had been so held in this very estate (Knoppel's Estate, 25 Dist. R. 116) ; that the conversion so worked operated to convert the real estate into personal property as of the testator's death and if considered personal property as of that time it must be held to have passed to testator's widow under the bequest to her of all the residue of the personal property; that it was therefore an error in law not to award the fund to the testator's widow's personal representatives or at least to Amelia as an heir of her mother's estate.

The theory advanced is ingenious but not convincing for, as counsel for Amelia argues, the testator's will gives to the widow by item 1 only the residue of the *personal* property of which the testator died *"seised and possessed* at the time of his decease". In addition, she was given only a *life estate* in "all rents, income, issues and profits from real estate". Upon her death, all the interest of the widow, in the testator's real estate, *ceased.* The conversion referred to in item 4 of the will is only for the purpose of making distribution of the proceeds of real estate after the widow's death:

it was never intended as a means of enlarging the legacy to the widow by giving her any portion of the real estate itself, or the proceeds thereof.

In Hackett's Estate, 44 D. & C. 593, we recently made it clear that a direction to sell at the death of a life tenant operates as a conversion as of the testator's death only as far as the distributees of the proceeds of the real estate or those that claim under them are concerned. We there reviewed the cases in point and reminded the bar that (p. 595) "The Supreme Court in Yerkes v. Yerkes, 200 Pa. 419, has admonished us to keep constantly in mind that the doctrine of equitable conversion is a fiction invented to carry out the intention of a testator and never to defeat it, and that its operation requires constant watchfulness to guard against the tendency to become a formal rule de jure without regard to its real purpose and necessity; that it should never be overlooked that there is no real conversion, the property remaining all the time in fact realty; but for the purposes of the will, so far as it may be necessary, and *only so far*, is it to be treated in contemplation of law as if it had been converted. The presumption, no matter what the form of the words, is always against conversion and even where it is required it must be kept within the limits of actual necessity." (Italics supplied.)

We said further in Hackett's Estate (p. 596) : "In Chew v. Nicklin, 45 Pa. 84, 87, the origin of the doctrine is stated to be '. . . nothing more than the application to deeds and wills of the principle of equity which treats that as done which ought to be done.' " If this clear statement is kept in mind, there ought to be no difficulty in holding its application within proper limits.

In the case before us, it is plain that the testator intended his real estate to remain real estate during his wife's life and that she should have only the income thereof. The personal estate he bequeathed her was obviously intended to be only that which was *actually*

personal property of which he died seised, otherwise he would have given her his entire estate. If we were to rule otherwise, we would render the rest of his will entirely meaningless; this we must not do. The fiction of conversion is invoked to carry out a testator's intent and not to defeat it: Hackett's Estate, supra. It follows, therefore, that the auditing judge committed no error of law and the petition for review cannot be entertained.

There remains but to be said that at the argument some question was raised as to whether petitioner who was the substituted trustee had a right to file this petition for review. Having disposed of its petition on the merits, we find it unnecessary to determine that question now. The petition is dismissed.